## TESTACY AND INTESTACY DEFINED.

Common Pleas Court of Licking County.

GILBERT B. GOFF v. JAMES H. MOORE ET AL.

Decided, January Term, 1911.

*Descents—Devise of Life Estate but not of Fee—How the Fee Passes in Such a Case—Wills—Sections 8574 and 8577.*

One who leaves a will which bequeaths a life estate only, permitting. the fee to go where the statute sends it, does not die intestate as to said fee, and in consequence the fee passes under the provisions of Section 8574 rather than 8577.

*A. A. Stasel,* for plaintiff.
*Kibler & Kibler,* contra.

SEWARD, J. (orally).

This is a suit in partition brought to partition 162 acres of land which Abner Goff owned in his lifetime, and of which he died seized. He died intestate, and without leaving any children. The real estate, 162 acres, passed to his wife under a section of the statute providing where land came not by devise or deed or gift, but by purchase, and this land came to him by purchase. It passed to his wife, Martha Goff, who held it up to the time of her death. She willed a life estate in this 162 acres to Finny Haas, her brother, and I believe the only relative she had in a direct line.

The question to be determined by the court is whether this land now passes by Section 8574 or 8577 of the General Code.

Section 8574 provides:

"If the estate came not by descent, devise or deed of gift, it shall descend and pass as follows:

"1. To the children of the intestate and their legal representatives.

"2. If there are no children" (Martha Goff had no children) "or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate." Her husband had before that time died.

"3. If such intestate leaves no husband or wife, relict to himself or herself, the estate shall pass to the brothers and sisters

of the intestate of the whole blood, and their legal representatives."

It is claimed that this estate passed to Finny Haas, being the only brother of Martha Goff, under this section of the statute. And it did so pass unless it was interfered with by Section 8577, which reads as follows:

"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife by deed of gift, devise or bequest, or under the provisions of Section 8574, then such estate, real and personal, shall pass to and vest in the children of such deceased husband, or wife, or the legal representatives of such children. If there are no children or their legal representatives living, then such estate, real and personal, shall pass and descend, one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband and wife from which such personal or real estate came, or their personal representatives."

It is claimed by the plaintiff, Goff, in this case that, as this real estate was devised to Finny Haas—a life estate only—that she died intestate as to the fee simple in this particular piece of real estate, 162 acres, and therefore the estate would pass under Section 8577, one-half to Finny Haas and the other half to the brothers and sisters of Goff. But this section of the statute says if she died intestate. But she did not die intestate. It seems that it would be judicial legislation for the court to interpolate into this section of the statute that if she died intestate as to the fee simple as to any particular real estate. The Legislature could have provided for that, but they have not so provided. A person who dies intestate dies without having made a will. She made a will and the will is pleaded in the petition, and it says that she willed to Finny Haas a life estate. Her purpose evidently was to confer upon him a life estate only, and the fee simple was left to go where the statute would send it. But she did not die intestate. She died testate. The court thinks under this state of facts, she having died testate, that this real estate passes under Section 8574 to Finny Haas, and from him to his heirs. There will be a decree accordingly.